FILED

OCT 29 2019

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF
## INDIANA INDIANAPOLIS DIVISION

BOBBY KERN )
  )
    Plaintiff, )
  )
         V. )
  )
JOSEPH HOGSETT, )
Individually and in his )
capacity as Secretary of )
State of Indiana )
    Defendant. )

**1 : 19 -cv- 4 3 8 2 RLY -DML**

Case No. _____

## PLAINTIFF'S COMPLAINT FOR BATTERY, SEXUAL BATTERY, AND JURY TRIAL DEMAND

    Plaintiff Bobby Kern, Pro Sé, files his Complaint for Battery, Sexual

Battery, Defamation, and Jury Trial Demand against Joseph Hogsett Individually

("Defendant"), state as follows:

## JURISDICTION AND VENUE

1.  This is an action for money damages, injunctive relief, and other equitable relief.

2.  This action arises out of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et.seq.,* ("Title VII"), the First and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 ("§ 1983"), and under the laws of the State of Indiana for claims of battery, sexual battery, defamation, and false light invasion of privacy.

3.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims arising out of Indiana Law pursuant to 28 U.S.C. § 1367.

4.  Venue is appropriate in the United States District Court for the Southern District of Indiana, Indianapolis Division, because all of the alleged unlawful practices occurred in Marion County, Indiana.

**PARTIES**

5.  Plaintiff Bobby Kern ("Mr. Kern") is a citizen of the United States of America and the State of Indiana and resides in Marion County, Indiana.

6.  At all relevant times, Mr. Kern was a "person" within the meaning of § 1983, and citizen of the State of Indiana.

7.  Defendant Joseph Hogsett ("Hogsett"), sued in his individual and official capacity, was at all relevant times the Secretary of State for the State of Indiana.

8.  Defendant Hogsett, in his individual capacity, is a "person" within the meaning of § 1983 for purposes of retrospective relief.

9.  Defendant Hogsett, in his official capacity, is a "person" within the meaning of § 1983 for purposes of retrospective relief.

## The Plaintiff, Bobby Kern

10.  The Plaintiff was offered a position by the Defendant while Defendant worked for the State of Indiana as Secretary of State.

11.  The Secretary of State is a branch of government of the State of Indiana.

## The Defendant, Joseph Hogsett

12. Mr. Hogsett, at the time of the sexual assault, was the Secretary of State for the State of Indiana.

Plaintiff Damages:

13. That Mr. Kern suffered traumatic, severe emotional and psychological damages, which were recently discovered in August 2019, during his participation in a local radio show.

14. That during the time of first being introduced to Mr. Hogsett, on several occasions (December 1989, January 1990, February 1990). Mr. Kern visited a local pub called The Unicorn. Mr. Kern was approached by Mr. Hogsett on several occasions, inviting Mr. Kern to discuss "politics". It was at this point that Mr. Hogsett introduced himself as Secretary of State for the State of Indiana. Initially, Mr. Kern did not take Mr. Hogsett seriously, as Mr. Hogsett was always extremely inebriated, consuming huge amounts of liquor.

15. It was at this point that Mr. Hogsett invited Mr. Kern to a "political event", taking him to a hotel, in which he promised Mr. Kern that he would be introduced to more Democrats that were "politically connected" and could help Mr. Kern launch his political career. Upon arriving at the Econo Lodge Motel, Mr. Hogsett convinced Mr. Kern to go to a room, that these "Democratic politicians would be in attendance".

After entering the room, Mr. Kern realized that no one else was in the room.  Immediately, Mr. Hogsett grabbed Mr. Kern from behind, put him in a choke hold all while Mr. Kern fought him but was outweighed by him as well as Hogsett was 10 years older than Mr. Kern; then Mr. Kern passed out.  Upon awakening, Mr. Kern was face down on the bed and his pants were pulled down, with Mr. Hogsett on top of him, violently thrusting himself into Mr. Kern's anus.  Mr. Hogsett kept Mr. Kern in the choke hold until Mr. Kern passed out again.  Upon awakening again, Mr. Kern was distraught and began screaming at Mr. Hogsett.  At this point, Mr. Hogsett put Mr. Kern in a head lock and said, "If you ever tell anyone, I will have you killed".

16. Mr. Hogsett's conduct was unwelcome and not consensual.

**After Complaining, Hogsett and the State of Indiana, along with Evan Bayh, Retaliated Against and Defamed the Plaintiff.**

17. After the Plaintiff complained about Mr. Hogsett's unlawful conduct, Mr. Hogsett, along with then-Governor Evan Bayh, met with Mr. Kern and stated that if he did not "shut up" about the incident, then they would make sure he was "planted six feet under and nobody would care".  Mr. Kern, fearing for his life, was left with no recourse.  The State of Indiana engaged in unlawful retaliation.

18. For instance, Mr. Hogsett has used the office of the Secretary of State and the Governor's office to threaten, intimidate, and defame the Plaintiff.

19. At one point Mr. Kern was violently ejected from the Indiana State Democratic conference for discussing the sexual assault with other Democrats.

20. Upon information and belief, this action was taken against Mr. Kern in retaliation for reporting Mr. Hogsett's unlawful conduct.

21. Since the sexual assault by Mr. Hogsett against Mr. Kern, Mr. Kern has suffered alienation and ridicule from members of the Democratic party, along with law enforcement and other members of the community. Mr. Kern was scared, intimidated, and afraid for his life, not realizing until recently that he did, in fact, have recourse for this abusive behavior. It has taken extreme courage for Mr. Kern to finally speak out against this sexual predator and believes that others will come forward now that have experienced similar abuse from the alcoholic sexual predator, Mr. Hogsett. Since the abuse had taken place, Mr. Kern has been unable to secure and hold meaningful employment, suffers from depression, and has been unable to secure a meaningful relationship along with the benefits of being able to have a family and raise and love his own

children. Mr. Kern is permanently damaged from the abuse at the hands of Mr. Hogsett, Evan Bayh, the State of Indiana, and the Democrat Party.

22. Plaintiff has been unable to successfully make connections, develop relationships, and network within the political community, all of which are necessary to advance his career.

## Sexual Harassment Policies and Procedures that Apply to Individuals Working In and Around the State of Indiana.

23. The State of Indiana has no uniform policy regarding sexual harassment that applies to individuals that work or come into contact with Statehouse employees or statewide elected officials.

24. There is currently no sexual harassment policy that prohibits elected officials in Indiana, or other State of Indiana employees, from sexually harassing individuals or private citizens that come into contact with elected officials of Indiana.

25. The House and the Senate each have separate sexual harassment policies that apply to their respective employees. But they have failed to pass equal legislation which protects citizens of the State of Indiana from elected officials that use their positions to gain citizens' confidence, then sexually abuse them.

26. However, the House policy does not apply to the Senate, and the Senate policy does not apply to the House.

27. In addition, each policy has a separate reporting structure for complaints of sexual harassment. Neither policy protects its citizens that come into contact with elected officials.

28. An employee of the Senate who believes s/he has been sexually harassed by a member of the Senate or employee, supervisor, agent of the Senate, or an individual with whom the employee is required to have contact is required to first report the harassment to the employee's immediate supervisor. If the employee's immediate supervisor is unavailable to receive the report of harassment or is involved in the report of harassment, the report should be made to the Majority Chief of Staff or to the Secretary of the Senate.

29. These policies have failed to provide a system of allow the common citizenry to report sexual harassment or sexual abuse by an elected official.

30. An employee of the House who believes s/he has been sexually harassed by a member of the House or staff, immediate supervisor, agent of the House, or an individual with whom the employee is required to have contact, is required to report the incident and names of the individuals

involved in the incident to their immediate supervisor, the appropriate

Chief of Staff, the appropriate Chief Counsel or the Clerk. The policy

goes on to provide, "Alternatively, the employee may directly contact the

Equal Employment Opportunity Commission". Once again these

policies have failed to provide a citizenry to report sexual harassment or

sexual abuse by an elected official denying them the equal protection

guaranteed by the Fourteenth Amendment to the Constitution.

31. Each year, employees of the House and the Senate attend a one (1) hour

training, which covers a variety of topics. Approximately five (5)

minutes or less of the one (1) hour training is devoted to the subject of

sexual harassment. The sexual harassment training typically consists of

the person providing the training, reading the sexual harassment policy

out loud.

32. In April 2018, legislation was passed that required the Personnel

Subcommittee of the Legislative Council to do the following: (1)

Prepare recommended sexual harassment prevention policies to govern

the conduct of the members of the General Assembly; and (2) Submit the

recommended policies to the Legislative Council.

33. In January 2019, for the first time in state history, Indiana passed a sexual harassment policy that applies to elected members of the General Assembly.

34. However, the policy is deficient in many respects. For example, the policy lacks penalties for elected members of the General Assembly, who are in violation, among other deficiencies. The policy also does not apply to many individuals working in and around the Statehouse and does not provide a mechanism for third party investigations.

35. Upon information and belief, there have been many claims of sexual harassment reported by Indiana employees and others working in and around the Statehouse over the years.

36. However, despite the widely acknowledged problem of sexual harassment, discrimination, and retaliation occurring within the Indiana Statehouse, the House and the Senate have failed to implement adequate policies and procedures to prevent, address, and remediate such unlawful conduct.

37. It was widely recognized and publicly reported that both the current and prior versions of policies and procedures pertaining to Statehouse employees were inadequate.

38. These policies have failed to provide a system to allow the common citizenry to report sexual harassment or sexual abuse by an elected official.

39. For example, on November 15, 2018, it was reported in the Herald Bulletin article, "Legislature Developing Sexual Harassment Policy" that State Senator Karen Tallian stated regarding the existing policy, "There wasn't really a plan". (Available at https://www.heraldbulletin.com/news/state/news/legislature-developing-sexual-harassment-policy/article 76dde482-309e-50a2-b085-44 783a99365e.html).

40. In several news articles, other lawmakers, legal commentators, and experts were also reported as finding both the prior policies and procedures as well as the newly revised policies and procedures to be deficient, out of date, and not in compliance with federal law or employment best practices.

**Other Relevant Facts**

41. Defendant Mr. Hogsett subjected Plaintiff Mr. Kern to sexual harassment and failed to take immediate and appropriate action to correct the sexual harassment.

42.  Defendant retaliated against the Plaintiff for opposing Mr. Hogsett's unlawful sexual abuse and harassment.

43.  As a result of the Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress and anguish.

44.  Defendant's actions were taken with malice or reckless indifference to Plaintiff's rights.

45.  Defendant's actions were taken under the color of state law.

46.  In particular, Mr. Hogsett's actions on February 6th 1990, and thereafter were taken in exercise of power possessed by virtue of state law and made possible only because he was clothed with the authority of state law.

## COUNT I – STATE OF INDIANA

## (Title VII – Sexual Harassment)

47.  All proceeding paragraphs are incorporated herein by reference.

48.  The State of Indiana did not take any steps to correct the sexual harassment.

49.  As a direct and proximate cause of the State of Indiana's actions against Mr. Kern and creation of an intimidating, hostile and offensive political environment, the State of Indiana has caused Mr. Kern to suffer compensatory damages, including, but not limited to, loss of employment

benefits, mental anguish, pain and suffering, humiliation, embarrassment, degradation, loss of reputation, and other expenses as allowed by law.

50. The State of Indiana's conduct was willful, in that they knew and/or showed reckless disregard for the matter of whether its conduct, described above, was prohibited by Title VII.

## COUNT II – STATE OF INDIANA
**(Title VII – Retaliation)**

51. All preceding paragraphs are incorporated herein by reference.

52. By the actions described above, the State of Indiana and Mr. Hogsett retaliated against Mr. Kern because he engaged in protected activity.

53. Mr. Kern complained against Mr. Hogsett's inappropriate and unwelcome sexual harassment.

54. Thereafter, the State of Indiana engaged in unlawful employment practices by creating a retaliatory hostile political environment.

55. The State of Indiana's conduct was willful, in that they knew and/or showed reckless disregard for the matter of whether it conduct, described above, was prohibited by Title VII.

56. As a direct and proximate cause of the State of Indiana's unlawful retaliation, Mr. Kern has suffered and will continue to suffer

compensatory damages, including, but not limited to, loss of employment

benefits, mental anguish, pain and suffering, humiliation, embarrassment,

degradation, loss of reputation, attorneys' fees and costs, and other

expenses allowed by law.

## COUNT III – JOSEPH HOGSETT, INDIVUALLY

## AND IN HIS OFFICIAL CAPACITY

### (§ 1983 – Sexual Harassment and Discrimination in Violation of

### Equal Protection Clause)

57. All preceding paragraphs are incorporated herein in reference.

58. Mr. Hogsett, acting under the color of state law, caused or participated

in the deprivation of Mr. Kern's constitutional rights and privileges

because of his abuse of authority as Indiana Secretary of State.

59. The result of these unlawful actions has submitted Mr. Ker to a hostile

(political) work environment and discrimination and denial of equal

employment opportunities because of their sex, in violation of the Equal

Protection Clause of the Fourteenth Amendment of the United States

Constitution.

60. Mr. Hogsett, as Indiana Secretary of State for the State of Indiana and

long-time Attorney of Law and Federal prosecutor, was sufficiently

aware of the longstanding laws that existed prohibiting his conduct against Plaintiff.

61. Mr. Hogsett's actions were the direct and proximate cause of the Plaintiff's damages.

62. Mr. Hogsett's actions have caused Plaintiff to suffer compensatory damages, including, but not limited to, loss of employment benefits, emotional pain, mental anguish, loss of reputation, attorneys' fees and other expenses as allowed by law.

63. As a direct and proximate result of Mr. Hogsett's malicious and reckless actions depriving Plaintiff of his equal protection rights provided by the United States Constitution, in violation of § 1983, Plaintiff is entitled to punitive damages.

64. Plaintiff is also entitled to a permanent injunction enjoining Defendant, Mr. Hogsett, from future constitutional violations.

## COUNT IV – JOSEPH HOGSETT, INDIVUALLY
## AND IN HIS OFFICIAL CAPACITY
### (§ 1983 – Retaliation in Violation of Equal Protection Clause)

65. All preceding paragraphs are incorporated herein by reference.

66. Mr. Hogsett, acting under the color of state law, caused the deprivation of Mr. Kern's constitutional rights and privileges because of his abuse of authority as Indiana Secretary of State.

67. The result of these unlawful actions has subjected Mr. Kern to a hostile work (political) environment, and discrimination and denial of equal employment opportunities because the Plaintiff raised concerns about discrimination in the political workplace and because he reported discrimination and retaliation complaints against the Defendant, in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

68. Mr. Hogsett, as Indiana Secretary of State, attorney at law, and long-time Federal prosecutor, was sufficiently aware of the longstanding laws that existed prohibiting his conduct against the Plaintiff.

69. Mr. Hogsett's actions were the direct and proximate cause of the Plaintiff's damages.

70. Mr. Hogsett's actions have cause the Plaintiff to suffer compensatory damages, including, but not limited to, loss of employment benefits, emotional pain, mental anguish, loss of reputation, attorneys' fees, and other expenses as allowed by law.

71. As a direct and proximate result of Mr. Hogsett's malicious and reckless actions depriving the Plaintiff of his equal protections rights provided by the United States Constitution, in violation of § 1983, the Plaintiff is entitled to punitive damages.

72. The Plaintiff is also entitled to a permanent injunction enjoining Defendant, Mr. Hogsett, from future constitutional violations.

## COUNT V – JOSEPH HOGSETT, INDIVUALLY AND IN HIS OFFICIAL CAPACITY

### (§ 1983 – Substantive Due Process Clause)

73. All preceding paragraphs are incorporated herein by reference.

74. Mr. Hogsett, acting under the color of state law, caused or participated in the deprivation of Mr. Kern's constitutional rights and privileges because of his abuse of authority as Indiana Secretary of State.

75. The result of these unlawful actions has deprived Mr. Kerns of the right to bodily integrity pursuant to the substantive component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

76. Mr. Hogsett's conduct toward Mr. Kerns shocks the conscience and evinces a deliberate indifference to the Plaintiff's rights as an individual.

77. Mr. Kern suffered unwanted and unwelcome physical contact of a sexual nature that constitutes a violation of the Plaintiff's liberty interest in his bodily integrity, as provided by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

78. Mr. Hogsett's ability to commit a serious physical sexual assault on Mr. Kern was enabled by his governmental position and actions taken as a state official.

79. Mr. Hogsett, as Indiana Secretary of State and long-time Federal prosecutor, was sufficiently aware of the longstanding laws that existed prohibiting his conduct against the Plaintiff.

80. Mr. Hogsett's actions were the direct and proximate cause of the Plaintiff's damages.

81. Mr. Hogsett's actions have caused the Plaintiff to suffer compensatory damages, including, but not limited to, loss of employment benefits, emotional pain, mental anguish, loss of reputation, attorneys' fees, and other expenses allowed by the law.

82. As a direct and proximate result of Mr. Hogsett's malicious and reckless actions in depriving the Plaintiff of his equal protection rights provided by the United States Constitution, in violation of 42 U.S.C. § 1983, Plaintiff is entitled to punitive damages.

83.  Plaintiff is also entitled to a permanent injunction enjoining Defendant, Mr. Hogsett, from future constitutional violations.

## COUNT VI – JOSEPH HOGSETT, INDIVUALLY

### (Battery)

84.  All preceding paragraphs are incorporated herein by reference.

85.  By the actions described above, Mr. Hogsett touched and raped Mr. Kern in a rude, insolent, violent, and angry manner at the Econ Lodge Hotel on February 6th 1990, thereby committing battery.

86.  The Plaintiff has suffered pain, humiliation, and mental anguish as a result of Mr. Hogsett's unlawful and unwanted violent sexual assault.

## COUNT VII – JOSEPH HOGSETT, INDIVUALLY

### (Sexual Battery)

87.  All preceding paragraphs are incorporated herein by reference.

88.  By the actions described above, the Plaintiff did not consent when Mr. Hogsett assaulted him in a harmful and offensive manner at the Econ Lodge  Hotel on/or about February 6th 1990, thereby committing sexual battery.

89.   The Plaintiff has suffered pain, humiliation, and mental anguish as a result of Mr. Hogsett's unlawful and unwanted violent sexual assault and battery.

**WHEREFORE,** Plaintiff, Mr. Bobby Kern, respectfully requests that this Court:

A.   Award judgment in favor of Plaintiff and against Defendant;

B.   Enter an order declaring Defendant's conduct unconstitutional;

C.   Enter a permanent injunction, upon proper motion, requiring the State of Indiana to adopt appropriate policies related to sexual harassment, retaliation, and protection of individual's rights to equal protection and substantive due process under the United States Constitution;

D.   Enter a permanent injunction, upon proper motion, requiring Defendant Hogsett from committing future constitutional violations;

E.   Award compensatory damages against Defendant in the amount of one millon dollars ($1,000,000.) at trial to make Plaintiff whole for the mental anguish, emotional distress, and other non-pecuniary damages they have suffered because of Defendant's unlawful conduct;

F.   Award punitive damages against Defendant Hogsett in the amount of four million dollars ($4,000,000.) at trial to punish the Defendant for the unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduct;

G.   Award the costs of maintaining this action, including an award of

reasonable attorneys' fees; and

H.   Award all other relief proper in the premises.

Dated this 29th day of October 2019.


Respectfully submitted,



*Bobby Kern*
Mr. Bobby Kern
Pro Sé
1033 N. Dearborn St.  Indianapolis, IN  46201
317-400-9627

## TRIAL BY JURY

Plaintiff, Bobby Kern, demands a trial by jury on all issues so triable.


Dated this 29th  day of October 2019.


Respectfully submitted,



Mr. Bobby Kern
Pro Sé
1033 N. Dearborn St.  Indianapolis, IN  46201
317-400-9627

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of October, 2019, a copy of the foregoing was

mailed VIA U.S. First Class Mail Certified, Return Receipt Requested.  Notice of

this filing will be sent to the following parties:


Mr. Joseph Hogsett

c/o The City of Indianapolis

200 Washington Street

Indianapolis,  IN  46204


Bobby Kern  Pro-Se'

1033 N. Dearborn St.  Indianapolis, IN  46201

317-400-9627