UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY KERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-04382-RLY-DML |
| | ) |
| JOSEPH HOGSETT, individually and in his | ) |
| capacity as Secretary of State of Indiana, | ) |
| | ) |
| Defendant. | ) |

**ORDER TO SHOW CAUSE**

Plaintiff, Bobby Kern, alleges that on February 6, 1990, defendant Joseph Hogsett sexually assaulted him when he was the Indiana Secretary of State and that Hogsett used his position to "threaten, intimidate, and defame [him]." Kern alleges he did not realize until recently that he did have course for Hogsett's "abusive behavior." He now brings claims under Title VII of the Civil Rights Act of 1964 for sexual harassment and retaliation, under 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendments rights, and under Indiana law for battery, sexual battery, defamation, and false light invasion of privacy.

Kern's Complaint falters on several grounds. First, Title VII covers employment discrimination. It does not appear that Kern was ever employed by Hogsett or by the State of Indiana. His Complaint alleges only that he was offered a position to work for Hogsett and that, as a result of Hogsett's unlawful actions, he has been subjected to a hostile political environment. (Compl. ¶¶ 10, 67). Assuming for the sake of argument

1

that his claims properly fall under Title VII, it does not appear Kern ever filed a charge of discrimination with the Equal Employment Opportunity Commission—much less within 180 days of the alleged employment practice. 42 U.S.C. § 2000e-5(e). Filing an EEOC charge within 180 days of the alleged unlawful employment practice is a prerequisite to filing a lawsuit alleging Title VII violations. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994).

Second, Kern's claims arise out of the alleged sexual assault which allegedly occurred thirty years ago. The statute of limitations for Section 1983 claims brought under Indiana law is two years. *Terry v. Calhoun*, No. 1:17-cv-440-TLS, 2018 WL 6308998, at *3 (N.D. Ind. Dec. 3, 2018) (citing *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1986)). So are claims for injury to one's person or character, which would include the torts of defamation and false light. Ind. Code § 34-11-2-4(a) (stating an action for injury to person or character "must be commenced within two (2) years after the cause of action accrues"); *see also ServiceMaster Diversified Health Services, L.P. v. Wiley*, 790 N.E.2d 1056, 1059 (Ind. Ct. App. 2003).

For these reasons, Kern is **ORDERED TO SHOW CAUSE** why his claims should not be dismissed within **thirty (30) days** of the date of this Order. Failure to do so shall result in the dismissal of his claims with prejudice.

**SO ORDERED** this 25th day of February 2020.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copy to:

Bobby Kern
1033 N. Dearborn St.
Indianapolis, IN 46201